## NEW YORK CENT. & H. R. R. CO. v. BRITISH & FOREIGN MARINE INS. CO.[1]

(District Court, S. D. New York. October 16, 1893.)

MARINE INSURANCE — PAYMENT OF LOSS — DEDUCTION IN LIEU OF AVERAGE— TWO VESSELS INJURED IN ONE COLLISION.

A policy of insurance covering several of libelant's tugs, and agreeing to "indemnify the insured for any loss or damage arising out of any accident caused by collision to any other vessels, their freights and cargoes, for which said tugs or their owners may be legally liable," contained also the following provision: "It is understood and agreed that in case of loss $50 is to be deducted therefrom in lieu of average." A collision having occurred, by which two vessels belonging to different owners were injured, through the negligence of one of the insured tugs, the insurer claimed to deduct $50 for each vessel injured. *Held*, that the intent of the policy was that only $50 should be deducted for each accident, though more than one vessel were damaged.

In Admiralty. Libel to recover balance of insurance money. Decree for libelant.

Carpenter & Mosher, for libelant.
Butler, Stillman & Hubbard, for respondent.

BROWN, District Judge. A large policy of insurance issued by the respondent to the libelant, embraced insurance to the amount of $165,000 against towage liability upon several of the libelant's tugs, including the New York Central Lighterage Company's tug No. 20, valued at $20,000. The insurance ran for one year from December 30, 1891; and was "against such loss or damage as the tug may become liable for, for any accident caused by collision and/or stranding;" and "to fully indemnify the insured for loss or damage arising or growing out of any accident caused by collision and/or stranding * * * to any other vessel or vessels, their freights and cargoes (or each or any of them,) for which said tugs or their owners may be legally liable."

A subsequent clause provided as follows:

"It is understood and agreed that in case of loss $50 is to be deducted therefrom in lieu of average."

On the 27th of July, 1892, as the tug No. 20, having four loaded canal boats alongside and bound for Dow's Stores, Brooklyn, was endeavoring to effect a landing, the port boat came in collision with the pier, whereby she was damaged, and another canal boat on the opposite side of the tug was, through the force of the shock, damaged by contact with the fender of the tug. The two canal boats belonged to different owners; and it was admitted that the tug, and the libelant, as her owner, were liable to pay the damages to each boat. It was claimed by the respondent, however, under the average clause of the policy last cited, that two sums of $50

[1] Reported by E. G. Benedict, Esq., of the New York bar.

should be deducted from the whole loss; that is, one on account of each of the two boats injured; while the libelant contends that only a single sum of $50 is to be deducted upon the whole loss. A similar question having frequently arisen on such policies, the proper construction of the policy in this regard has been submitted to the court.

In behalf of the respondent, it is urged that the purpose of the deduction of "$50, in lieu of average" is in conformity with the ordinary practice in marine policies, the intent of which is to relieve the underwriters from the investigation of petty claims; and that the presumed intention of the parties in this case is that this clause should serve the usual purpose, so as to relieve the underwriter from the investigation of petty demands. This purpose, it is said, could not be fulfilled, if all small injuries of a few dollars each, happening to a number of boats in tow of the tug upon the same accident, could be aggregated so as to make upwards of $50; since this would compel investigation of small claims whenever the aggregate should exceed $50.

This argument is not, to me, convincing upon an insurance like the present, and for several reasons.

There is nothing in the policy itself to show that this assumed purpose is the real or the only one. It may be so in part; but evidently the clause is not applied in that sense only; for, if so, it should only take effect where the claims are less than $50: where in excess of $50, it should not apply at all. Plainly, this is not so. The clause gives the respondent the right to deduct $50 no matter how large the loss may be. It applies to all losses, whether large or small. It is quite as reasonable to assume that its purpose is partly one of sound policy, and partly to cover a portion of the necessary expense of investigating the claims, whether they are large or small.

The contention of the respondent proceeds upon the assumption that the damages in the present case constitute separate losses. This is no doubt correct as between the tug owner and the several owners of the tows; but the different items of the "losses" upon this accident are not several and distinct claims as between the insurer and the insured. The several owners of the tows have no claim whatsoever upon the insurers; there is not the least privity between them. The assured, as respects this accident, for all the damages arising from it, has but a single claim against the insurer. He could not prosecute the respondent therefor in more than a single suit. The loss as between them, and under the policy, is legally a single demand.

A contrary construction of the average clause, so as to permit a deduction of $50 in respect to the damages that might accrue to every one of the different persons who might be damaged through the same stranding or collision, would entail results which seem to me incompatible with the manifest object of the insurance. The policy, by its own language, shows that it contemplates the handling by the tug of the tows and cargoes of various owners at

the same time. It provides that the tugs "shall not take or tow a larger number of boats or craft than they can at all times safely handle and fully protect," which is a direct recognition of the ordinary practice for tugs to take a tow of numerous boats, which may all belong to different owners.

The insurance, moreover, is not only against the liability for other boats injured, but also for all "loss or damage arising to their freights and cargoes, or each or any of them." These freights and cargoes are often owned by still other persons, to each of whom severally the tug and her owners may be legally liable. It is frequently the case that from a single collision or stranding the tug and her owners become responsible to numerous different damage claimants. If the construction contended for by the respondent is correct, the deduction of $50 could be made in respect to each and every one of such different damage claims, whether for boats or the different parts of the cargoes, and thus not merely the sum of $50, but many times that sum, amounting in all to a very considerable proportion of the insurance, might be deducted. It seems clear to me that the language of the policy is not compatible with such a result, and does not contemplate it. On the contrary, in insuring "against such loss or damage as the tug may become liable. for;" and in agreeing "to indemnify the assured for loss or damage arising out of any accident by 'collision' etc. to any other vessel, or vessels or their cargoes" etc., the policy seems to me plainly to contemplate the fact that there may be numerous items of damage to different claimants arising upon a single accident, and that all such as may arise upon "any (single) accident constitute but a single 'loss' as between the insurers and insured." The policy is the insurer's own instrument, and if the intent was to deduct $50 for each damage claimant's loss, instead of for the one loss which the accident caused to the assured, it was for the insurer to express that intent in the policy. Not having done so, the policy must be construed according to the legal relation between the parties to it. As between them, the "loss" is but one, upon a single "accident;" and consequently there should be but a single deduction of the $50. The case of Hernandez v. Insurance Co., 6 Blatchf. 317, seems to me not to conflict with this decision, but rather to sustain it.